**OHIO FAST FREIGHT, INC., Petitioner,**

v.

**UNITED STATES of America and Interstate Commerce Commission, . Respondents,**

**and**

**Coldway Food Express, Inc., Riggs Food Express, Inc., and Subler Transfer, Inc., Intervening Respondents.**

**No. 76–1536.**

United States Court of Appeals, Sixth Circuit.

April 17, 1978.

Michael Spurlock, Paul F. Beery Co., L. P. A., Columbus, Ohio, for petitioner.

Fritz R. Kahn, Gen. Counsel, I. C. C., John J. McCarthy, Jr., Washington, D. C., Edward Levi, Atty. Gen., Lloyd John Osborn, Donald I. Baker, Carl D. Lawson, Daniel J. Conway, U. S. Dept. of Justice, Washington, D. C., for respondents.

Before PHILLIPS, Chief Judge, and WEICK, Circuit Judge and CECIL, Senior Circuit Judge.

ORDER

Petitioner, Ohio Fast Freight, Inc., seeks to set aside an order of the Interstate Commerce Commission (Commission) entered in *Ohio Fast Freight, Inc.—Extension—Gateway Elimination,* No. MC–14702 (Sub. No. 61G) which denied, in part, petitioner's application for the elimination of its Warren

and Blaine, Ohio, gateways. In the application, petitioner sought a certificate of public convenience and necessity authorizing direct operation as a motor common carrier of general commodities between points in Ohio and Pennsylvania.

The Commission granted the requested gateway elimination, but imposed restrictions against the transportation of foodstuffs and glassware because petitioner had failed to demonstrate that it was an effective competitor in the transportation of these commodities. Ohio Fast Freight contends that the Commission has acted in an arbitrary and unreasonable manner by departing, without explanation, from its long established policy against the fragmentation of general commodity authorities and by imposing a more onerous burden of proof for the elimination of gateways. The petitioner asserts that the Commission has erroneously restricted its operating authority with respect to the transportation of foodstuffs and glassware and asks this court to remand the case to the Commission with directions to grant the application in its entirety.

We conclude that the Commission has not articulated the basis for the partial gateway elimination in this case in such a manner as to enable us to sustain the order at this time. The case is remanded to the Commission with directions to conduct further proceedings consistent with the opinion of this court in *Ohio Fast Freight, Inc. v. United States*, No. 76–1524, 574 F.2d 316 (6th Cir. Mar. 17, 1978).